**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

RECEIPT # _45333_
AMOUNT $ _150—_
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. _98_
DATE _2-26-03_

| | |
|---|---|
| TULLIO E. PONZI, ASS. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | **3 cv 10366 MEL** |
| ) | |
| XEIKON, N.V.; XEIKON AMERICA, ) | |
| INC. ; AM DIGITAL, AG; WALTER ) | MAGISTRATE JUDGE _Bowler_ |
| BURGLER; ALBERT VOLLENWEIDER, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant Xeikon America Inc., by and through its attorneys of record, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal that, pursuant to 28 U.S.C. § 1446, the above-captioned case is hereby removed from the Superior Court, Middlesex County, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. As and for its Notice of Removal, Xeikon America states as follows:

1. This lawsuit is a civil action within the meaning of the Act of Congress relating to the removal of cases.

2. On or about January 10, 2003, Plaintiff Tullio E. Ponzi ("Plaintiff") instituted this civil action in Superior Court, Middlesex County, Commonwealth of Massachusetts, against Xeikon America and others, where it was assigned case number 03-0107. Xeikon America was served by process server on January 27, 2003. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(d).

DOCKETED

(1)

3.      The state action is a civil action over which this Court has now, and had when the state action was commenced, original diversity jurisdiction under 28 U.S.C. § 1332(a) for the following reasons:

      a.  Plaintiff is a citizen of the Commonwealth of Massachusetts and a resident of Cambridge, Middlesex County, Massachusetts.

      b.  Defendant Xeikon America is now, and was when the state action was commenced, a Delaware corporation with its principal place of business in Chicago, Illinois.

      c.  Upon information and belief, Defendant Xeikon N.V. is a Belgian corporation with its principal place of business in Belgium.

      d.  Upon information and belief, Defendant AM Digital AG is a Swiss corporation with its principal place of business in Zug, Switzerland.

      e.  Upon information and belief, Defendant Walter Burgler is a citizen of Switzerland and a resident of Switzerland.

      f.  Upon information and belief, Defendant Albert Vollenweider is a citizen of Switzerland and a resident of Switzerland.

      g.  Plaintiff alleges damages in excess of $75,000.  Thus, the matter in controversy appears to exceed, and exceeded when the state action was commenced, the sum of $75,000, exclusive of interest and costs.

4.      Defendant Xeikon America is the only defendant that has been properly served. As a result, Xeikon America need not obtain consent of the remaining defendants for this removal.

5.      No further proceedings have taken place in the Superior Court.

6.     Removal to this Court is proper as this District includes the county where the state action is pending.

7.     Pursuant to 28 U.S.C. §§ 1332 and 1441(a), this Court has original diversity jurisdiction and removal jurisdiction over this action.

8.     Because this Notice of Removal is filed within 30 days of Xeikon America's receipt of the Summons and Complaint, it is timely filed under 28 U.S.C. § 1446(b).

9.     The attached documents represent all service of process, pleadings, and other documents served upon Xeikon America in this action as required by 28 U.S.C. § 1446(a).

10.     Written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court, Middlesex County, Commonwealth of Massachusetts and will be served on the adverse party as required by 28 U.S.C. § 1441(d).

11.     Pursuant to Local Rule 81.1(a), Defendant Xeikon America will request from the Clerk of the Middlesex County Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and will file the same within thirty days.

WHEREFORE, Defendant Xeikon America respectfully gives notice that this action is to be, and hereby is, removed from the Superior Court, Middlesex County, Commonwealth of Massachusetts to the United States District for the District of Massachusetts.

Respectfully submitted,

XEIKON AMERICA, INC.

By its attorneys,

Martin E. Levin, Esq. (BBO#296150)
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA  02114
Tel:  617-742-5800
Fax:  617-742-5858

OF COUNSEL

Kimberly E. Ramundo, Esq.
(OH S.Ct. 0066570)
Thompson Hine LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio  45202
Tel.:  513-352-6656
Fax:  513-241-4771

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served on John M. McAuliffe, Attorney for Plaintiff, McAuliffe & Associates, 430 Lexington Street, Newton, Massachusetts 02466, and on Ruth T. Dowling, Attorney for Walter Burgler and Albert Vollenweider, Palmer & Dodge, LLP, 111 Huntington Avenue, Boston, MA 02199, by first class U.S. mail, this ___26th___ day of February, 2003.


CT System

Service of Process Transmittal Form
Boston, Massachusetts

01/27/2003

Via Federal Express (2nd Day)

TO: Kevin Creely Controller
Xeikon America, Inc.
1360 N. Wood Dale Road, Suite B
Wood Dale, IL 60191

Phone: (630) 616-5613 ext
FAX: (630) 616-5651

RE: **PROCESS SERVED IN MASSACHUSETTS**

FOR Xeikon America, Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Tullio E. Ponzi, Pltff. vs Xeikon, N.V., et al, including- Xeikon America, Inc., Deft.

2. DOCUMENT(S) SERVED: Summons, Complaint, Counts, Demand, Civil Action Cover Sheet

3. COURT: Commonwealth of Massachusetts, Middlesex Superior Court Dept. of the Trial Court
Case Number 03-0107

4. NATURE OF ACTION: Fraudulent Concealment, Negligent Misrepresentation

5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Boston, Massachusetts

6. DATE AND HOUR OF SERVICE: By Process server on 01/27/2003 at 11:15

7. APPEARANCE OR ANSWER DUE: Within 20 Days

8. ATTORNEY(S): McAuliffe & Associates
430 Lexington St.
Newton, MA 02466

9. REMARKS:

SIGNED CT Corporation System

PER Christina Bonney
ADDRESS 101 Federal Street
Boston, MA 02110
SOP WS 0005094892

Information contained on this transmittal form is recorded for C.T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

............MIDDLESEX............, ss
[seal]

...Tullio..E...Ponzi..........., Plaintiff(s)

## 03-0107

v.

..Xeikon,..N.V,..at..al.., Defendant(s)

## SUMMONS

To the above-named Defendant:  Xeikon America c/o CT Corporation Systems

You are hereby summoned and required to serve upon ...John..M...McAuliffe..........................

.............................................. plaintiff's attorney, whose address is ...430..Lexington..........

.St...;.Newton,..MA..02466..USA......................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .....40..Thorndike...

.St...;.Cambridge,..MA..02141............. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Suzanne V. DelVecchio

Witness, ................Esquire, at ...Middlesex..County..Superior..Court..............

the ......10th........................... day of ........January.......................................

....................., in the year of our Lord ............2003....................... .

A true copy Attest .......

1/27/03          Deputy Sheriff Suffolk County                          Edward J Sullivan

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...........................................................:...........................
19.........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...........................................................................................................................................
..................... Cover Sheet ...................................................................................................
...........................................................................................................................................
..........................................................................................................................................

Dated: ...............................................................................................................

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS**
   **BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( ..................................................... )
( ..........................................., .......... )
( ..................... ...... ..................... )

302/23

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  03-0107

MIDDLESEX ....... ss.

Tullio E. Ponzi............ Plff.

v.

Xeikon, N.V., et al.......... Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

03-0107

| CIVIL ACTION COVER SHEET | DOCKET NO (S) 03-0107 | Trial Court of Massachusetts Superior Court Department County: MIDDLESEX |
|---|---|---|

**PLAINTIFF(S)**
TULLIO E. PONZI

**DEFENDANT(S)** XEIKON, NV; XEIKON AMERICA, INC; AM DIGITAL, AG; WALTER BURGLER; ALBERT VOLLENWEIDER

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
JOHN McAULIFFE, McAuliffe & Associates, P.C.
430 LEXINGTON ST., NEWTON, MA 02466
Board of Bar Overseers number: 555109

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04/B99 | TORT/FRAUD | (F) | ( ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ ...........
2. Total Doctor expenses .............................................. $ ...........
3. Total chiropractic expenses ........................................ $ ...........
4. Total physical therapy expenses .................................... $ ...........
5. Total other expenses (describe) .................................... $ ...........
   Subtotal $ ...........
B. Documented lost wages and compensation to date ........................ $ ...........
C. Documented property damages to date ................................. $ 750,000
D. Reasonably anticipated future medical and hospital expenses ........... $ ...........
E. Reasonably anticipated lost wages ................................... $ ...........
F. Other documented items of damages (describe)
   $ ...........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Lost investment, lost profits

   TOTAL $ 750,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 1/10/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, s.s.

SUPERIOR COURT
CIVIL ACTION No.

| | |
|---|---|
| TULLIO E. PONZI,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| XEIKON, N.V.; XEIKON AMERICA,<br>INC.; AM DIGITAL, AG; WALTER<br>BURGLER; ALBERT VOLLENWEIDER<br>    Defendants. | )<br>)<br>)<br>)<br>) |

**'03-0107**

### AFFIDAVIT OF TULLIO E. PONZI

1.  I, Tullio E. Ponzi maintain a residence and office at 983 Memorial Drive, Cambridge, Massachusetts.

2.  I am the sole beneficial shareholder of both Alfa Media International, AG and AM International, AG.

3.  Under Swiss law I am ultimately personally responsible for the liabilities of Alfa Media International, AG and AM International, AG and their directors.


SIGNED AND SWORN UNDER THE PAINS AND PENALTIES OF PERJURY THIS

_____9_____ DAY OF JANUARY 2003.

_____
Tullio E. Ponzi

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, s.s.                              SUPERIOR COURT
                                            CIVIL ACTION No.

|                                    |   |                    |
|------------------------------------|---|--------------------|
| TULLIO E. PONZI,                   | ) | 03-0107            |
|    Plaintiff,                      | ) |                    |
|                                    | ) |                    |
| v.                                 | ) |                    |
|                                    | ) |                    |
| XEIKON, N.V.; XEIKON AMERICA,      | ) |                    |
| INC.; AM DIGITAL, AG; WALTER       | ) |                    |
| BURGLER; ALBERT VOLLENWEIDER       | ) |                    |
|    Defendants.                     | ) |                    |

## PLAINTIFF'S VERIFIED COMPLAINT

The plaintiff, Tullio E. Ponzi, files this action in response to a scheme by Xeikon, NV in conjunction with former directors of AM International, AG to induce him to purchase a company (AMI) with significant hidden liabilities, drive that company into liquidation, create another company with all the same employees and managing directors, induce the bankrupt company to sell all of its assets to the new company for less than fair value, and then seek double recovery by misleading the receiver in liquidation proceedings.

## PARTIES

1. The plaintiff, Tullio E. Ponzi (hereinafter "Ponzi") maintains an office and residence at 983 Memorial Drive, Cambridge, Middlesex County, Massachusetts. Mr. Ponzi is the sole beneficial shareholder of Alfa Media International, AG and AM International, AG.

2. Upon information and belief, defendant Xeikon, NV is a Belgian corporation with its principal office located at Vredebaan 72, Mortsel 2640, Belgium C9,

3234331311. Xeikon, NV is listed on Nasdaq, and upon information and belief, 33% of its revenue in 2000 came from the United States.

3.  Upon information and belief, defendant Xeikon America, Inc., is a Delaware Corporation, registered to do business in Massachusetts and has an agent for service of process at CT Corporation System, 101 Federal Street, Boston, MA. Its principal office is located at 1360 N. Wood Dale Road, Suite B, Wood Dale, IL 60191. Under information and belief, Xeikon America, Inc. is the wholly owned subsidiary of Xeikon, NV and sole distributor of Xeikon, NV's products in the United States.

4.  Upon information and belief, defendant AM Digital, AG is a Swiss corporation with a principal place of business at Zug, Switzerland.

5.  Upon information and belief defendant Walter Burgler is an individual who resides at Weinberghohe 3, 6300 Zug, Switzerland, and is President of AM Digital, AG.

6.  Upon information and belief, Albert Vollenweider is an individual who resides at an unknown address in Switzerland, and is Vice President of AM Digital, AG.

## FACTUAL BACKGROUND

7.  Upon information and belief, Xeikon, NV is a producer of digital printing equipment, and conducts business in Massachusetts through its wholly owned subsidiary, Xeikon America, Inc.

8.  In 1993 Xeikon, NV signed an exclusive distribution agreement with AM International, AG (hereinafter "AMI"), a Swiss corporation, for the exclusive distribution of Xeikon's digital color printing equipment in Switzerland.

**Aware of Under-Performing Equipment, Xeikon and Directors of AMI Induce
Ponzi to Purchase Company**

9.    Xeikon, NV and the existing directors of AMI induced Mr. Ponzi as the sole

beneficial shareholder of Scangraphic, GmBH, predecessor of Alfa Media

International, AG (hereinafter "Alfa Media"), to purchase AMI in November of

1995. Ponzi is currently the sole beneficial shareholder of Alfa Media.

10.    Negotiations for the purchase of AMI were conducted over the telephone

between, inter alia, Mr.'s Burgler, Vollenweidner and Ponzi while Ponzi was at

his office and residence in Cambridge, Massachusetts.

11.    Prior to Alfa Media's purchase of AMI, Xeikon, NV had been grossly misstating

the image quality and efficiency of their equipment.  Knowing full well of the

potential liability to customers of the equipment, the existing directors of AMI,

Mr.'s Burgler, Vollenweider and Freidrich Kraut in conjunction with Xeikon, NV

engaged in a scheme to defraud Ponzi and avoid liability for the under-performing

equipment. At no time during the negotiations to purchase AMI did Mr. Burgler

or Vollenweidner disclose the issue of under-performing equipment to Ponzi.  In

addition, they misrepresented the quality of existing inventories of AMI to Ponzi,

overstating their use, when in fact they were mostly outdated.

12.    Immediately after the purchase, Ponzi became aware of the undisclosed issues

regarding Xeikon's color printing equipment, as those who purchased Xeikon

products generally attempted to renegotiate payment, demanded refunds, and in

some cases instigated litigation against AMI for which Ponzi was ultimately responsible under Swiss law as the sole beneficial shareholder.

13. Ponzi also became aware that Mr.'s Burgler and Vollenweider had deliberately misstated the quality of inventories at AMI.

### Xeikon and AMI Directors Form Competitor AMD as AMI Forced into Liquidation

14. Xeikon, NV ignored their own performance warranties and absolutely refused to reimburse, or assist Ponzi and Alfa Media in addressing AMI's customer claims.

15. Instead, in a calculated move, Xeikon, NV demanded full and immediate payment for product delivered to AMI, and when payment couldn't be made due to outstanding financial issues caused by the under-performing equipment, Xeikon, NV immediately cancelled their exclusive distribution agreement with AMI and signed a distribution agreement with the newly formed AM Digital, AG (hereinafter "AMD").

16. AMD was in reality, a creation of Xeikon, NV and AMI's management. Walter Burgler, Freidrich Kraut, and Albert Vollenweider, all operating directors of AMI, helped in forming AMD in the image of AMI: with the sole purpose to distribute Xeikon's products and exclusively represent Xeikon, NV in Switzerland.

17. In fact, by May 1996 all of AMI's employees had quit their positions and were promptly employed by AMD.

18. AMD now operates as Xeikon's sole and exclusive representative in Switzerland, and at all times relevant hereto represented to Ponzi that it conducted matters in

Switzerland on behalf of Xeikon, NV with respect to Swiss clients, banks, and suppliers of ancillary products..

19. Stripped of its employees, technical support, and goodwill, AMI was forced into liquidation proceedings in Switzerland in July 1996, due, in most part, to Xeikon's under-performing equipment, repudiation of performance warranties, and subsequent scheme to create AMD.

20. Under Swiss liquidation law Mr. Ponzi, as the sole beneficial shareholder, is ultimately responsible for the liabilities of AMI and its directors.

21. In less than a year, Xeikon, NV had enticed Ponzi to become the beneficial shareholder of AMI and, in essence, assume liability for Xeikon's under-performing products, while it coordinated with the employees and directors of AMI to form a new entity to distribute Xeikon products in Switzerland.

## Ponzi Induced to Sell Assets of AMI to AMD

22. On or about June 1996, Xeikon, NV pressed a settlement of its claims against AMI if Ponzi agreed to sell all of AMI's assets to AMD at nominal cost. Xeikon, NV, through its International Sales Director, Peter Yeves, made clear that that a settlement of claims would apply as between Xeikon, NV, and AMI, its directors and consequently Ponzi as the beneficial shareholder.

23. Ponzi was present in Cambridge Massachusetts when conducting the negotiations for the settlement of the dispute between Xeikon, NV and AMI.

24. Xeikon NV's negotiations were in fact, part of the continuing scheme to defraud Ponzi. In reality, Xeikon, NV had no intention of honoring the agreement.

## Xeikon, NV and Mr. Burgler Mislead Liquidation Reciever
## and Conceal Ex-Parte Judgment

25. In July 2000 Xeikon, NV, basing their standing on the claims they had already settled, appeared in an ex-parte proceeding as part of AMI's liquidation, and without any consideration, acquired a judgment for $484,800 against the officers and directors of AMI from AMI's liquidation receiver in Switzerland. Because, Ponzi is the sole beneficial shareholder, and AMI is without assets, he is ultimately liable for those claims.

26. Upon information and belief, Walter Burgler appeared at that ex-parte hearing at the request and for the benefit of Xeikon's claim.

27. Xeikon, NV and AMD then concealed the ex parte judgment for several years, and timed service so that it was served on the directors of AMI only several days before the expiration of a statute of limitations to pursue claims in AMI's liquidation proceeding.

28. Because of the timing, Ponzi had been duped into foregoing any opportunity in the Swiss Courts to bring claims against the defendants which pertain to AMI. Furthermore, under Swiss law he is not allowed to counterclaim or offset the claim for money damages obtained against the directors of AMI, for which he is ultimately responsible as the beneficial shareholder, because of the statute of limitiations.

29. As a result of the deception, Xeikon, NV has created a double recovery for the disputed invoices. First, with settlement of claims and transfer of assets for nominal consideration from AMI to AMD, and then again through the ex parte judgment against AMI and its directors. When you consider that AMI inventories

were useless, and Xeikon equipment was worthless, it becomes apparent that Xeikon, through its scheme, has generated $750,000 in judgments and transfers of assets, out of nothing, and at the expense of Ponzi.

30. In addition to the damages for his lost investment, and lost profits, Ponzi as Alfa Media's sole shareholder, has also suffered loss of reputation in the industry due to the defendant's conduct.

<u>COUNT I - AS AGAINST ALL DEFENDANTS</u>
<u>FRAUDULENT CONCEALMENT</u>

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-30 above.

31. The defendants failed to disclose material facts regarding the purchase of AMI including the potential liability to customers for the under performing equipment.

32. The defendants failed to disclose material facts regarding the settlement of the claims between AMI and Xeikon, NV including that they had secretly obtained a judgment in liquidation proceedings against AMI and its directors and ultimately Ponzi, as the beneficial shareholder.

33. The defendants were under a duty to disclose the customer issues regarding the under-performing equipment as they had made representations to Ponzi regarding performance of Xeikon products, and also potential liabilities of AMI.

34. The defendants were also under a duty to disclose ex parte judgment against Alfa Media and its beneficial shareholder, Ponzi, as they had made representations to Ponzi that all claims between the parties had been settled.

35. The facts regarding the under-performance of the equipment, and ex parte judgment were known only to the defendants and were not reasonably discoverable by the plaintiff.

36. The defendants actively concealed the under-performance of the Xeikon, NV equipment, and also actively concealed the ex parte judgment obtained in the liquidation proceedings.

37. The defendants intentionally concealed or suppressed the above facts in order to defraud Ponzi by inducing him to become beneficial shareholder of AMI and also to transfer the assets of AMI to AMD for nominal consideration.

38. The plaintiff was unaware of the under-performing equipment and misrepresentations made to customers, and would not have purchased AMI and become the beneficial shareholder if he had been so.

39. The plaintiff was unaware of the ex parte judgment obtained in the liquidation proceedings, and he would not have transferred the assets of AMI to AMD for less than fair value, or refrained from filing claims against the defendants in liquidation, if he had been aware of such.

40. As a direct and proximate result of the defendants' fraudulent concealment, the plaintiff suffered damages in an amount to be proven at trial, but not less than $750,000.

## COUNT II- AS AGAINST ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-40 above.

41.    The defendants made the foregoing false representations regarding the

performance of Xeikon equipment and the existence of a settlement between

Xeikon and AMI with no reasonable ground to believe they were true.

42.    The defendants made these representations with the intent to induce the plaintiff

to purchase AMI and also to file no claims against them in AMI's liquidation

proceedings.

43.    As a direct and proximate result of the defendants' conduct, the plaintiff has

suffered damages in an amount to be proven at trial, but not less than $750,000.

<u>COUNT III -AS AGAINST XEIKON, NV & XEIKON AMERICA, INC.
VIOLATION OF M.G.L. c.93A</u>

The plaintiff restates and incorporates by reference as if fully set forth herein the

allegations in paragraphs 1-43 above.

44.    Xeikon, NV, Xeikon America, Inc. and Ponzi were engaged in trade or commerce

in the Commonwealth of Massachusetts at all times relevant hereto.

45.    The defendants' actions or failures to act as more fully described above constitute

unfair and deceptive conduct, and were knowing and/or willful violations of

M.G.L. c. 93A §11.

46.    As a result of the defendants' conduct the plaintiff has suffered damages in an

amount to be proven at trial, but not less than $750,000.

<u>COUNT IV -AS AGAINST XEIKON, NV, XEIKON AMERICA, INC.
& MR.'S BURGLER & VOLLENWEIDER
INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS
BUSINESS RELATIONS</u>

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-46 above.

47. Defendants Xeikon, NV, Mr.'s Burgler and Vollenweider induced employees of AMI to leave their positions.

48. Xeikon's actions were calculated to cause damage and loss to Ponzi in his lawful business.

49. Xeikon, NV's conduct as described above was improper in both nature and means.

50. Ponzi has suffered actual damages in an amount to be proven at trial, but not less than $750,000.

## COUNT V - AS AGAINST ALL DEFENDANTS
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-51 above.

51. The defendants owed the plaintiff a duty of good faith and fair dealing.

52. The defendants have breached the duty of good faith and fair dealing owed to the plaintiff.

53. As a result of the defendants' actions the plaintiff has suffered damages in an amount to be proven at trial, but not less than $750,000.

## COUNT VI - AS AGAINST MR.'S BURGLER & VOLLENWEIDER
## BREACH OF FIDUCIARY DUTY

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-53 above.

54. Defendants Burgler and Vollenwieder owed a fiduciary duty to AMI and ultimately Ponzi as the beneficial shareholder and responsible party.

55. The defendants breached their fiduciary duty by secretly conspiring with Xeikon, NV to form AMD, and to induce all employees of AMI to leave and join AMD.

56. As a direct and proximate result of the defendants' breach, Ponzi has been damaged in an amount to be proven at trial, but not less than $ 267,000.

## COUNT VII- AS AGAINST XEIKON, NV & XEIKON AMERICA, INC. UNJUST ENRICHMENT

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-56 above.

57. Under mutual agreement, the plaintiff transferred the assets of AMI to AMD, the wholly owned subsidiary of Xeikon, NV for nominal consideration.

58. At all times the plaintiff reasonably expected to be compensated for its services in the form of a reciprocal agreement by Xeikon, NV not to pursue the balance of disputed invoices in AMI's liquidation proceedings.

59. The defendant has been unjustly enriched by retaining the benefit of the transfer of assets free and clear of liabilities and then obtaining an ex parte judgment against AMI, its directors, and ultimately Ponzi as the beneficial shareholder.

60. The reasonable value of the assets transferred to AMD is equal to an amount to be proven at trial, but not less than $267,000.

## COUNT VIII- AS AGAINST ALL DEFENDANTS CONSPIRACY

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-60 above.

61.  Each of the defendants conspired to unlawfully defraud the plaintiff of his investment in AMI.

62.  Defendants AMD, Burgler and Vollenweider knowingly gave substantial assistance and support toward the common plan to defraud Ponzi, through inducing Ponzi to purchase AMI and assume liability as the beneficial shareholder.

63.  Defendants AMD, Burgler and Vollenweider knowingly gave substantial assistance and support to Xeikon, NV toward the common plan to defraud Ponzi through the enticement to settle outstanding disputed claims, then subsequent acquisition of an ex parte judgment in liquidation proceedings.

64.  Defendant Xeikon, NV knowingly gave substantial assistance and support toward the common plan to defraud Ponzi, by assisting in the creation of AMD and granting AMD exclusive distribution rights in Switzerland.

65.  As a result of the defendants' conduct the plaintiff has been damaged in an amount to be proven at trial, but not less than $750,000.

## COUNT IX- AS AGAINST XEIKON, NV & XEIKON AMERICA, INC. ABUSE OF PROCESS

The plaintiff restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1-65 above.

66. The defendants used liquidation proceedings in Switzerland to accomplish the unlawful and ulterior purpose of defrauding the plaintiff of the value of assets of AMI transferred to AMD in the settlement with Xeikon, NV.

67. The defendants' actions resulted in damages to the plaintiff in an amount to be proven at trial, but not less than $484,800.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court:

(a) Order the defendants pay to the plaintiff damages in an amount to be proven at hearing plus interest, costs and attorney's fees;

(b) Issue a finding that defendants Xeikon, NV and Xeikon America, Inc. engaged in unfair and deceptive business practices and award the plaintiff treble damages, costs and attorney's fees;

(c) Issue such further relief as the Court deems necessary and proper.

Respectfully submitted,

McAuliffe & Associates, P.C.
John M. McAuliffe, BBO#555109
Andrew T. Howard, BBO#653588
430 Lexington Street
Newton, MA 02466
(617) 558-6889

Dated: 1/10/03

## VERIFICATION

    I, Tullio E. Ponzi, plaintiff in the civil action herein, state that I have read the foregoing Verified Complaint, and based upon personal knowledge, that the allegations set forth therein are true, except those made on information and belief, which are true to the best of my knowledge, information and belief.

    Signed under the pains and penalties of perjury this 9 day of Jan 2003.

_____
Tullio E. Ponzi

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Tullio E. Ponzi

## DEFENDANTS

Xeikon, Inc.

ZZ3 FEB 26  P 2: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff **Middlesex County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Belgium**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John M. McAuliffe and Andrew T. Howard
McAuliffe & Associates, P.C.
430 Lexington Street, Newton, MA 02466

Attorneys (If Known)

See Attachment

03 10366 MEL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability    Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury    Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights   ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

There is diversity between the parties and the amount in controversy exceeds the sum of $75,000. The court has jurisdiction pursuant to 28 U.S.C. §1332.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$750,000.

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE 2/26/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Attorney for Defendant Xeikon America, Inc.:

Martin E. Levin
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Suite 500
Boston, MA 02114-2022
(617)742-5800

Kimberly E. Ramundo
Thompson Hine, LLP
312 Walnut Street
14th Floor
Cincinnati, OH 04202
(513)352-6656

Attorney for Defendants Walter Burgler and Albert Vollenweider:

Ruth T. Dowling
Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA 02199
(617)239-0657

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**



1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Tullio E. Ponzi vs Nikon, 2'N.V.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.                           3 - 10366 MEL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                        YES          NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                        YES          NO X
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                        YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                        YES          NO X

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        YES X        NO

        A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

              EASTERN DIVISION  X        CENTRAL DIVISION          WESTERN DIVISION

        B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
              GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

              EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Martin E. Levin, Stern, Shapiro, Weissberg & Garin, LLP

ADDRESS  90 Canal Street, 5th Floor, Boston, MA 02114-2022

TELEPHONE NO.  617-742-5800

(Cover sheet local.wpd  - 11/27/00)



**STERN**
**SHAPIRO**
**WEISSBERG**
**& GARIN LLP**

a t t o r n e y s    a t    l a w

Max D. Stern
Jonathan Shapiro
Lynn G. Weissberg
Patricia Garin
Martin E. Levin
Kenneth M. Resnik
M. Amy Carlin

*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

February 25, 2003

**BY HAND**

Clerk
United States District Court
 For the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

03 ᶜᵛ 10366 MEL

Re:  Tullio E. Ponzi v. Xeikon, N.V., Xeikon
     America, Inc., AM Digital, AG, Walter
     Burgler, and Albert Vollenweider

Dear Sir/Madam:

     Enclosed please find for filing the Notice of Removal, Civil
Cover Sheet, and Filing Category Form together with a check for
the filing fee in the amount of $150.00.  Please return to this
office a date stamped and certified copy, showing the assigned
case number, via our messenger.

     Thank you for your attention to this matter.

                              Very truly yours,

                              Martin E. Levin

ML/jah
encl.

cc:  John M. McAuliffe, Esq.
     Andrew T. Howard, Esq.
     Kimberly E. Ramundo, Esq.
     Ruth T. Dowling, Esq.

G:\SSWG\XEIKON\US Dist Ct Clerk.11.wpd

90 Canal Street  Boston, MA 02114-2022
617-742-5800  Fax: 617-742-5858  E-Mail: sswg@sswg.com